# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BILLY MINH TRAN,** | § | |
| **TDCJ No. 02044506,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-23-CA-01159-XR** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Billy Minh Tran's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Memorandum in Support (ECF No. 2), Respondent Bobby Lumpkin's Answer (ECF No. 17), and Petitioner's Reply (ECF No. 32) thereto. In his § 2254 petition, Petitioner challenges the constitutionality of his 2016 state court murder convictions, arguing (1) the trial judge was disqualified from presiding over his trial because she did not submit a valid oath of office, (2) the trial court lacked jurisdiction over his case, (3) the trial court, counsel, and the State conspired to deny Petitioner his constitutional rights due to his race, and (4) he was denied the right to counsel due to counsel's conflict of interest. In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons

discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. <u>Procedural History</u>

In January 2016, Petitioner plead guilty in Bexar County to two counts of murder and was sentenced, pursuant to the plea bargain agreement, to two consecutive life sentences. *State v. Tran*, Nos. 2015CR12246W and 2015CR12247W (144th Dist. Ct., Bexar Cnty., Tex. Jan. 14, 2016).[1] The Fourth Court of Appeals dismissed Petitioner's subsequent appeal because he waived the right to appeal as part of the plea bargain agreement. *Tran v. State*, Nos. 04-16-00049-CR and 04-16-00050-CR, 2016 WL 2585618 (Tex. App.—San Antonio, May 4, 2016, no pet.).[2] Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.[3]

Instead, Petitioner challenged the constitutionality of his state court murder convictions by filing two applications for state habeas corpus relief on October 9, 2021, at the earliest.[4] *Ex parte Tran*, Nos. 26,534-03, -04 (Tex. Crim. App.).[5] At Petitioner's request, the Texas Court of Criminal Appeals dismissed these applications without written order on January 26, 2022, and February 2, 2022.[6] Seven months later, Petitioner filed two more state habeas applications challenging his underlying murder convictions, both of which were eventually denied by the Texas Court of

---

[1]     ECF Nos. 18-1 at 6-14 (Plea Agreement), 149-50 (Judgment); 18-2 at 6-14 (Plea Agreement), 146-47 (Judgment).

[2]     ECF No. 18-3.

[3]     *See* http://www.search.txcourts.gov, search for "Tran, Billy" last visited March 25, 2024.

[4]     Because of Petitioner's *pro se* status, the prison mailbox rule applies to his state habeas applications. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending mailbox rule to state habeas application delivered to prison authorities for mailing).

[5]     ECF Nos. 18-11 at 4-19; 18-23 at 4-19.

[6]     ECF Nos. 18-19; 18-31.

Criminal Appeals without written order on January 11, 2023.  *Ex parte Tran*, Nos. 26,534-06, -07 (Tex. Crim. App.).[7]

Thereafter, Petitioner placed the instant federal habeas corpus petition in the prison mail system on August 30, 2023.[8]

## II.  Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d).  Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's murder convictions became final June 3, 2016, when the time for filing a PDR with the Texas Court of Criminal Appeals expired.  *See* Tex. R. App. P. 68.2 (providing a PDR must be filed within thirty days following entry of the court of appeals' judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30–day period in which he could have filed the petition) (citation omitted).  As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying convictions expired a year later on Monday, June 5, 2017.[9]

---

[7]       ECF Nos. 19-1 at 4-19; 19-6; 19-9 at 4-19; 19-15.

[8]       ECF No. 1 at 11.

[9]       Because the end of the limitations period fell on a Saturday, the limitations period continued to run until the following Monday.  *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

Petitioner did not file his § 2254 petition until August 30, 2023—over six years after the limitations period expired. Thus, his petition is barred by AEDPA's one-year statute of limitations unless it is subject to either statutory or equitable tolling.

**A.      Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Petitioner did challenge the instant convictions by filing several applications for state post-conviction relief, the first of which were filed in October 2021. But as discussed previously, Petitioner's limitations period for filing a federal petition expired at the beginning of June 2017. Because the state habeas applications were filed well after the time for filing a federal petition under § 2244(d)(1) had lapsed, they do not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the instant § 2254 petition, filed August 30, 2023, is still over six years late.

**B.**   <u>**Equitable Tolling**</u>

In some cases, the limitations period may be subject to equitable tolling.  The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights."  *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Neither Petitioner's § 2254 petition nor his reply brief provide a valid argument for equitably tolling the limitations period in this case.  Even with the benefit of liberal construction, Petitioner has provided no reasonable justification to this Court for the application of equitable tolling, as a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period.  *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Petitioner's direct appeal of his conviction was dismissed by the intermediate court of appeals in May 2016, yet Petitioner waited until October 2021 to file his first two state habeas corpus applications challenging his convictions and consecutive life sentences.  This delay alone weighs against a finding of diligence.  *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state

application).  Petitioner also fails to explain why he waited another seven months after the Texas Court of Criminal Appeals denied his latest state habeas applications in January 2023 before filing the instant federal petition in this Court.

Consequently, because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id.*  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,*

529 U.S. at 484). A COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). Here, the one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner provided no reasonable justification for missing the filing deadline by over six years. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief, and a COA will not issue.

### IV. <u>Conclusion</u>

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Federal habeas corpus relief is **DENIED** and Petitioner Billy Minh Tran's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2.      No Certificate of Appealability shall issue in this case; and

3.      All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 25th day of March, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE